An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM JEFFERSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61785

**FILED**

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a guilty plea, of coercion and child abuse and neglect. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge. Appellant William Jefferson raises two contentions on appeal.

First, Jefferson contends that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment because the sentence imposed deviated significantly from the sentencing recommendation in the plea agreement. We disagree. Jefferson's two concurrent sentences of 12-48 months fall within the parameters provided by the relevant statutes, *see* NRS 207.190(2)(a) (category B felony punishable by sentence of 1-6 years); NRS 200.508(1)(b)(2) (category B felony punishable by sentence of 2-15 years), and the sentences imposed are not so unreasonably disproportionate to the gravity of the offense as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979); *see also Hamerlin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Jefferson's sentence does not violate the Eighth Amendment merely because the district court deviated from the agreed-to sentence. *See Stahl v. State*, 109 Nev. 442, 444, 851 P.2d 436, 438 (1993)

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 17419

("When a defendant pleads guilty pursuant to a plea agreement containing a sentencing recommendation, and the district court accepts the proffered guilty plea, the district court retains wide discretion in imposing sentence." (footnote omitted)); *see also Sandy v. Fifth Judicial Dist. Court*, 113 Nev. 435, 440 & n.1, 935 P.2d 1148, 1151 & n.1 (1997) (noting that "plea agreements may not invade 'the traditionally judicial function of what penalty to impose'" and, therefore, trial judge may reject sentence bargains that purport to guarantee defendants certain sentence (citation omitted)).

Second, Jefferson argues that the district court abused its discretion in rejecting the plea agreement by not following the sentence recommendation in the agreement. He further contends that the district court should have set forth its reasoning for rejecting the plea agreement. Lastly, he asserts that the district court should have given him an opportunity to withdraw the guilty plea when it rejected the recommended sentence. We disagree. Jefferson conflates a rejection of the plea agreement—the district court's refusal to accept a defendant's guilty plea entered pursuant to an agreement, *see, e.g., Sparks v. State*, 104 Nev. 316, 322-24, 759 P.2d 180, 184-85 (1988)—with a rejection of the sentencing recommendation made in the plea agreement. Although the district court did not follow the parties' sentencing recommendation, it did not reject the plea agreement; the district court accepted Jefferson's guilty plea made pursuant to the plea agreement. The language of the guilty plea agreement did not bind the court to impose the recommended sentence nor did it condition Jefferson's plea on the district court's imposition of the recommended sentence. It specifically stated that the court was not obligated to accept the parties' sentencing recommendation. Jefferson's

reliance on Federal Rule of Criminal Procedure 11 for the proposition that a defendant must be afforded an opportunity to withdraw his plea if the district court does not follow the sentencing recommendation is misplaced because the Federal Rules of Criminal Procedure do not apply in Nevada's state courts. *See* FRCP 1(a)(1). Moreover, Nevada's legislature specifically rejected this proposition by repealing the statute that allowed this procedure, *see* 1993 Nev. Stat., ch. 279, § 1, at 828-29, and we decline Jefferson's invitation to hold that a defendant must be allowed to withdraw his plea if the district court declines to follow the parties' sentencing recommendation.

Having considered Jefferson's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Kathleen E. Delaney, District Judge
Hon. Adriana Escobar, District Judge
Nguyen & Lay
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk